Filed 8/11/14  In re Freddy M. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re FREDDY M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FREDDY M.,<br><br>    Defendant and Appellant. | G049395<br><br>(Super. Ct. No. DL048447)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Cheryl L. Leininger Judge.  Affirmed.

Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

*          *          *

We appointed counsel to represent Freddy M. on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on his behalf. (*People v. Wende* (1979) 25 Cal.3d 436.)

In September 2013, the Orange County District Attorney filed a petition pursuant to Welfare and Institutions Code section 602 alleging the minor committed two misdemeanors: vandalism causing damage less than $400 (Penal Code, § 594 subds. (a), (b)(2)(A)) and possession of graffiti tools (Penal Code, § 594.2, subd. (a).)

A contested jurisdiction hearing was held. Witness Isidro Retana was walking home on the evening of March 21, 2013 when he saw two high school aged males. He did not see their faces, but took note of what they were wearing. One of the males, who was wearing a gray hooded sweatshirt, black pants and a beanie was looking toward a wall, holding a can and painting. The other male was dressed in black and had on a black sweatshirt. He appeared to be shaking a spray paint can. When the second male saw Retana, he tried to duck behind a parked car. Retana called the police.

Garden Grove Police Officer Nathan Robbins responded and was given the description of one male juvenile wearing a gray sweatshirt and black pants, and the other was described as a male juvenile. They were last seen walking northbound on Palm toward Harbor. Robbins saw two people matching the description near the described location and had them sit on the ground until a backup officer arrived less than a minute later. Robbins patted down Freddy M. and found a can of pink spray paint in his pocket. Paint was running from the spray nozzle. Freddy M. was not the person wearing the gray sweatshirt, but was the second individual.

Retana was asked to look at the two people the police had detained. Based on their clothing, he recognized them as they people he had seen earlier. He identified Freddy M. as the person wearing all black and shaking the spray paint can. At the

location where Retana had seen the two individuals, there was fresh white paint where the other individual had been. Freddy M. did not own this property.

After the identification, Robbins arrested Freddy M. and his companion. Freddy M. was given *Miranda* admonitions (*Miranda v. Arizona* (1966) 384 U.S. 436), and indicated to the officer he understood the warning before speaking. Freddy M. stated that after getting together with another minor, he took a can of pink spray paint and painted the letters BCK, standing for Brown Criminal Crew, on several structures. Brown Criminal Crew was a group he had started three months earlier. He said the group had done several taggings in the area, which he knew were illegal.

At the conclusion of the hearing, the court sustained the allegations and placed Freddy M. on probation subject to various terms and conditions.

We have reviewed the record and find no arguable issues. There was more than sufficient evidence of Freddy M.'s guilt, given the identification by Retana, Freddy M.'s possession of the spray paint, and his subsequent confession. Freddy M. was given 30 days to file written argument on his own behalf. That period has passed, and we have received no communication from him.

The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

3